UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Application Of<br><br>HUGH DICKSON and MARK MCDONALD, solely in their capacities as the Joint Liquidators for Stanford International Bank Limited and Plaintiffs in a foreign proceeding,<br><br>                  Applicants<br><br>pursuant to 28 U.S.C. § 1782 For Judicial Assistance in Obtaining Evidence For Use in Foreign and International Proceedings. | Case No. |

### *EX PARTE* APPLICATION FOR EXPEDITED JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

HUGH DICKSON and MARK MCDONALD, solely in their capacities as the Joint Liquidators for Stanford International Bank Limited and Plaintiffs in a foreign proceeding (together, the "Applicants"), respectfully submit this *Ex Parte* Application for Expedited Judicial Assistance, pursuant to 28 U.S.C. § 1782, to effectuate the Letter of Request issued by the Ontario Superior Court of Justice (the "Canadian Court") on December 3, 2020 (the "Letter of Request") to obtain testimonial evidence for use in a foreign proceeding (the "Application").[1] In support thereof, Applicants state as follows:

### INTRODUCTION

1. The facts relevant to this Application are set forth below and in the Declaration of Lincoln Caylor ("Declaration"), attached as **Exhibit 1**. The facts stated in the Declaration are incorporated herein by reference.

---

[1] Applicants submit this Application solely to effectuate the Letter of Request issued by the Ontario Superior Court of Justice. This Application should not be construed as a submission by Applicants to the general jurisdiction of this Court or any US court.

2. Applicants are the Joint Liquidators of Stanford International Bank Limited ("SIB"). Ex. 1 ¶ 9. On or about February 19, 2009, the Eastern Caribbean Supreme Court in Antigua and Barbuda placed SIB into a receiver-managership and thereafter appointed the Applicants as joint liquidators. Id. Applicants have been appointed, among other things, to (a) manage and/or liquidate the relevant debtors' affairs, (b) collect and realize their respective assets, (c) develop and pursue claw-back and other claims to enlarge the sums available for distribution to creditors, (d) act as the representatives of their respective estates, and (e) distribute the proceeds collected in accordance with applicable law. Id.

3. Applicants seek assistance from the United States District Court for the District of Massachusetts to effectuate the Letter of Request to obtain live testimonial evidence from Michael Raffa (the "Witness"), who resides or is found in this District. Ex. 1 ¶ 7. Specifically, Michael Raffa resides and is found in the District of Massachusetts at the following residential address: 34 Arnold Road, Wellesley Hills, Massachusetts, USA 02481.[2] Id.

4. The evidence is sought pursuant to the Letter of Request requesting Applicants to obtain testimony for use in a legal proceeding in Ontario, Canada pending before the Canadian Court against The Toronto-Dominion Bank ("TD Bank"), which is scheduled to begin trial on January 11, 2021.[3] Ex. 1 ¶¶ 3-6, 8.

5. The Canadian Proceeding stems from the Ponzi scheme orchestrated by Robert Allen Stanford and his affiliates (collectively, "Stanford") through SIB, which scheme involved the movement of assets with the assistance of third party actors in multiple international jurisdictions. Ex. 1 ¶ 10. One of

---

[2] On November 24, 2020 at 5:42pm, Mr. Raffa was personally served by a process server at this address with the motion record for the hearing regarding the Letter of Request.

[3] The lawsuit, hereinafter referred to as the "Canadian Proceeding", is between MARK MCDONALD of Grant Thornton (British Virgin Islands) Limited and HUGH DICKSON of Grant Thornton Specialist Services (Cayman) Ltd., acting together herein in their capacities as Joint Liquidators of Stanford International Bank Limited, as Plaintiffs, and THE TORONTO-DOMINION BANK, as Defendant, pending in the Ontario Superior Court of Justice, Commercial List, Court File No. CV-12-9780-00CL.

those actors was TD Bank in Ontario, which provided services to SIB between 1991 and 2009. Id. On August 22, 2011, Applicants commenced the Canadian Proceeding against TD Bank based on its provision of services to SIB, which services included the provision of a US dollar correspondent account to SIB. Id. That account facilitated the flow of funds for the fraud scheme. Id. Applicants have brought claims against TD Bank for negligence, breach of contract, and knowing assistance. Id. Applicants allege, among other things, that TD Bank failed to act as a reasonable bank including in respect of its due diligence and "know your customer" obligations and improperly provided the services used to perpetrate Stanford's fraud scheme when TD Bank should have refused to provide services to SIB. Id. Applicants, therefore, allege that TD Bank is liable to SIB under Ontario and Canadian laws. Id.

6. The Witness is a former employee of TD Bank who worked there during the relevant period. Ex. 1 ¶ 11. During the period when TD Bank provided the US dollar correspondent account to SIB, Mr. Raffa was TD Bank's Senior Manager of its Global AML [Anti-Money Laundering] Compliance Group. Id. In that role, Mr. Raffa reviewed TD Bank's relationship with SIB after having the following initial reaction expressed in an email by him: "Located in a high risk jurisdiction with (to be frank) unimpressive slate of mgmt and board. Agree we should discuss. Is this relationship one the business / risk mgmt know about and feel comfortable with?" Id. Just over a year later, SIB collapsed due to fraud perpetrated by members of its management and board. Id.

7. In addition, on December 5, 2019, Mr. Raffa was deposed as a non-party witness in the pending US action against TD Bank,[4] which, like the Canadian Proceeding, also stems from TD Bank's provision of a US dollar correspondent account to SIB. Ex. 1 ¶ 12. In that deposition, Mr. Raffa was represented by TD Bank's lawyers. Id. The 261-page deposition transcript further evidences the clear

---

[4] That case is Rotstain, et al. v. TD Bank, et al., Case No. 3:09-CV-02384-N-BG, pending in the United States District Court for the Northern District of Texas, Dallas Division.

3

relevance of Mr. Raffa's testimony to the Canadian Proceeding.[5] Id. For instance, Mr. Raffa was involved in reviewing whether an account at TD Bank Private Investment Counsel ("PIC") should be opened for Stanford Panama, an SIB-related entity. Id. He participated in meetings and discussions with other TD Bank employees that lead to TD Bank's decision to open the Stanford Panama PIC account, which account was used to perpetuate the fraud scheme. Id. It is, therefore, anticipated that Mr. Raffa would testify to the very matters pleaded by Applicants in the Canadian Proceeding and at issue in the forthcoming trial. Id.

8. Upon motion of the Applicants, on December 3, 2020, the Canadian Court issued the Letter of Request, attached as Exhibit A to the Declaration, asking this Court, in furtherance of justice, to cause the Witness to give live oral testimony via videoconference at trial by the means ordinarily used in this jurisdiction. Ex. 1 ¶ 4. The Letter of Request further asks this Court to permit the Witness to "testify orally via videoconference in accordance with the laws of evidence and the Rules of Civil Procedure of the Province of Ontario, Canada." Id. Alternatively, if the evidence cannot be taken in the aforementioned manner, the Canadian Court asks that this Court allow the evidence to be taken according to the laws applicable in this District. Id.

9. The Letter of Request also provides the scope of the testimony this Court has been asked to allow, which pertains to (i) the Witness's prior employment at TD Bank, including as TD Bank's Senior Manager of TD Bank's Global AML Compliance Group, and (ii) the circumstances and details surrounding any of his investigation and due diligence reviews of SIB's business operations and TD Bank's correspondent banking relationship with SIB, including in or around January 2008. Ex. 1 ¶¶ 5, 13.

---

[5] Though Applicants have knowledge of Mr. Raffa's deposition testimony in the US proceeding, that testimony is not necessarily admissible at the trial of the Canadian Proceeding and his live testimony is still required to aid Applicants in proving their case.

4

10. Importantly, the Letter of Request states that the Witness's live oral testimony via videoconference at trial "appears necessary for the purposes of justice and for the due determination of the matters in dispute" in the Canadian Proceeding. Ex. 1 ¶ 6. The Canadian Court explicitly states to this Court that "the courts of the Province of Ontario, Canada are ready and willing to do the same for you in a similar case" if requested. Id.

11. In addition, TD Bank attended the virtual hearing of the motion for the Letter of Request in the Canadian Proceeding on November 30, 2020 and took no position on that motion, and it is not now resisting Applicants' attempts to compel testimony from the Witness. Ex. 1 ¶ 21. TD Bank is aware of the steps being taken by Applicants to enforce the Letter of Request in the US, as TD Bank's lawyers have received copies of all correspondence between Applicants' counsel and the Witness concerning his trial testimony and the Letter of Request.[6] Id. TD Bank is not objecting to such steps. Id.

12. Without the assistance of this Court, Applicants' trial presentation will be impeded. The Witness resides and is found in the District of Massachusetts and is therefore out of the reach of the Canadian Court. Ex. 1 ¶¶ 7, 19. Applicants have asked the Witness to voluntarily comply with the Letter of Request and provide his live testimony via videoconference at the trial in the Canadian Proceeding.[7] Id. ¶ 14. However, the Witness has been largely nonresponsive to Applicants' requests and communications, and Applicants now seek a US court order requiring his testimony pursuant to the Letter of Request.

---

[6] Applicants will provide copies of the Application, Declaration, and supporting papers to Canadian counsel for TD Bank. Ex. 1 ¶ 21 n.7.

[7] On November 17, 2020, counsel for Applicants sent a letter via both email and courier to Mr. Raffa advising him that Applicants sought the issuance of the Letter of Request to obtain his testimony at the trial of the Canadian Proceeding and of the hearing regarding same. On November 23, 2020, Applicants served a copy of the motion record for the Letter of Request hearing to Mr. Raffa via process server. Mr. Raffa was personally served with those materials at the address provided in paragraph 3, *supra*, on November 24, 2020.

13. Should the Court grant the Application, Applicants propose to serve the subpoena attached as **Exhibit 2** on the Witness in substantially similar form.

## ARGUMENT

The Court should grant the Application because it satisfies the statutory requirements of 28 U.S.C. § 1782, and the discretionary factors weigh in favor of granting the requested relief.

### I. Standard for Granting Relief.

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). Section 1782 "provide[s] for assistance in obtaining documentary and other tangible evidence as well as testimony." Id. at 248. Section 1782 "provide[s] for assistance in obtaining documentary and other tangible evidence as well as testimony." Id. at 248. Through Section 1782, "Congress sought to facilitate the process of litigation involving multi-national parties, and one of the benefits this law seeks to derive is that foreign nations will return the courtesy by facilitating requests for information from the United States." In re Letter Rogatory From First Court of First Instance in Civil Matters, Caracas, Venezuela, 42 F.3d 308, 311 (5th Cir. 1995).

Section 1782 encompasses the giving of testimony in a foreign proceeding and contemplates that such testimony may be given in accordance with the practice and procedure of the country in which the foreign proceeding is pending. 28 U.S.C. § 1782(a). The statute reads, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his **testimony** or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. **The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or**

> **international tribunal** or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. **The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony** or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a) (emphasis added).

Courts have distilled Section 1782's language into a two-part test consisting of a mandatory component and a discretionary component for granting relief. First, a district court has discretion to grant an application for testimony under Section 1782 where the application satisfies the following mandatory requirements: (1) the person from whom testimony is sought resides (or is found) in the district of the district court to which the application is made, (2) the testimony is for use in a proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person. See Chevron Corp. v. Shefftz, 754 F. Supp. 2d 254, 260 (D. Mass. 2010); accord Intel, 542 U.S. at 256-63 (addressing the factors).[8] The party seeking the testimony bears the burden of establishing that Section 1782's statutory requirements are met. See In re Schlich, 893 F.3d 40, 49 (1st Cir. 2018).

Next, once a district court has determined that the mandatory requirements for relief under

---

[8] District courts may, and indeed typically do, grant Section 1782 applications on an *ex parte* basis. See e.g., In re Schlich, 893 F.3d at 51 (citing Gushlak v. Gushlak, 486 F. App'x 215, 217 (2d Cir. 2012) (explaining that "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte* ")). Here, Applicants will provide copies of the Application, Declaration, and supporting papers to Canadian counsel for TD Bank. Ex. 1 ¶ 21 n.7.

Section 1782 are met, the court is free to grant requests for testimony in its discretion. See Chevron, 754 F. Supp. at 260-61. To aid that discretion, the US Supreme Court delineated the following four factors: (1) whether the person from whom testimony is sought is a participant in the foreign proceeding; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the Unites States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." Intel, 542 U.S. at 264-65; Chevron, 754 F. Supp. at 260-61.

A district court should apply the Intel factors in support of Section 1782's "twin aims" of providing "efficient means of assistance to participants in international litigation in our federal courts and to encourage foreign countries by example to provide similar means of assistance to our courts." In re Porsche Auto. Holding SE, No. CV 19-MC-91129-LTS, 2019 WL 5806913, at *4 (D. Mass. Nov. 6, 2019), adopted sub nom. In re Porsche Automobil Holding SE, No. CV 19-MC-91129-LTS, 2020 WL 813710 (D. Mass. Feb. 19, 2020).

Courts have granted relief under Section 1782 to compel a local witness to provide live testimony via videoconference in a trial or hearing in a foreign proceeding. See, e.g., In re Frederick, No. 1-20-MC-965-RP-SH, 2020 WL 5742772 (W.D. Tex. Sept. 24, 2020), adopted by DE 5 Order dated October 2, 2020 (granting Section 1782 application for issuance of subpoena to procure the live testimony of a Texas-based witness, from the witness's home or office by video, for use in a live hearing or trial in a foreign proceeding); DE 7 Order, Benfield Greig Ltd v. David Kirkpatrick, Misc. No. 03-00047-VBKx (C.D. Cal. May 21, 2003) (granting application under Section 1782 to compel the live testimony of a California-based witness, via satellite link from the

8

office of the witness's counsel, for examination during a live proceeding pending in a foreign tribunal); DE 28 Order, ACL Netherlands B.V., et al. for an Order Pursuant to 28. U.S.C. § 1782 to Take Testimony For Use in Foreign Proceedings, Case No. 19-mc-80023-CRB (N.D. Cal. March 20, 2019) (granting Section 1782 application to take live testimony via videolink of California-based witness for use in a trial in a foreign proceeding).

As demonstrated below, all of the statutory requirements and discretionary factors are satisfied, and, therefore, this Court should grant the relief sought in this Application by effectuating the Letter of Request.

## II. The Mandatory Requirements for Granting Relief are Met.

### A. The Witness resides or is found in this District.

The first statutory requirement is satisfied because the Witness resides or is found in the District of Massachusetts. The court's authority to compel testimony under Section 1782 extends to any "person," including both individuals and entities, that "resides or is found in" the district in which the application is made. 28 U.S.C. § 1782(a); see also Chevron, 754 F. Supp. 2d at 261 (Respondent "resided or was found in" the District of Massachusetts because he resided in the state); In re Application of Chevron Corp., 762 F. Supp. 2d 242, 249 (D. Mass. 2010) (same). Here, the Witness resides or is found in Wellesley Hills, Massachusetts and, therefore, resides or is found in this District. Accordingly, the first mandatory requirement under Section 1782(a) is satisfied.

### B. The testimony sought is for use in a proceeding in a foreign tribunal.

Likewise, the second requirement is satisfied because the testimony sought through the instant Application is for use in the Canadian Proceeding pursuant to the Letter of Request. A Section 1782 application's "for use" requirement is satisfied where there is authorization by the foreign tribunal to seek information in the foreign proceeding. See Chevron, 754 F. Supp. 2d at

260, n.44; see also In re Porsche, 2019 WL 5806913 at *6 (citing Mees v Buiter, 793 F.3d 291, 301 (2d Cir. 2015) (petitioner had satisfied Section 1782's "for use" requirement by showing that the materials sought were "to be used at some stage of a foreign proceeding that was within reasonable contemplation at the time of the proceedings below")).

Here, the testimony sought through the Application will be used at the trial of the Canadian Proceeding pursuant to the Letter of Request. Ex. 1 ¶¶ 3-6, 15-18. The Letter of Request issued by the Canadian Court explicitly states that the Witness's testimony at the trial of the Canadian Proceeding "appears necessary for the purposes of justice and for the due determination of the matters in dispute" and explicitly requests the Witness's testimony at the trial. Id. ¶¶ 4-6.

Accordingly, the second mandatory requirement of Section 1782(a) is satisfied.

### C.  Applicants are "interested persons."

Applicants are the plaintiffs in the Canadian Proceeding and are therefore "interested persons" under Section 1782. A litigant in a foreign proceeding is an "interested person" within the meaning of Section 1782. Intel, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the "interested person[s]" who may invoke § 1782….") (alteration in original); Chevron, 754 F. Supp. 2d at 260 n.44 (finding that applicant was an "interested person" within the meaning of Section 1782 because it was a litigant to the foreign proceeding); In re Chevron, 762 F. Supp. at 249 (same).

Therefore, the third statutory requirement under 28 U.S.C. § 1782(a) is satisfied.

### D.  The Application does not require the disclosure of privileged or other protected matter.

The Application does not require disclosure of privileged or other protected matter. Section 1782 provides that a "person may not be compelled to give his testimony…in violation of any legally applicable privilege." 28 U.S.C. § 1782(a). Here, only non-privileged testimonial evidence

is sought. To the extent that the Witness possesses relevant privileged information, he may withhold that information consistent with the obligations imposed by the Federal Rules of Civil Procedure. See 28 U.S.C. § 1782(a) ("To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken…in accordance with the Federal Rules of Civil Procedure."); Chevron, 754 F. Supp. at 264 (Federal Rules of Civil Procedure govern information requests authorized by Section 1782); In re Porsche, 2019 WL 5806913 at *5 (noting that courts can apply the Federal Rules of Civil Procedure to requests authorized under Section 1782).

### III.     This Court Should Exercise its Discretion in Favor of Granting Relief.

As noted above, once the Court has determined that the mandatory requirements for relief under Section 1782 are met, the Court is free to grant requests for testimony in its discretion upon consideration of the four Intel factors. See Intel, 542 U.S. at 264-65; Chevron, 754 F.Supp.2d 260-61; In re Porsche, 2019 WL 5806913 at *4. Additionally, the Court's discretion must be guided by the twin policy aims of Section 1782: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts. Intel, 542 U.S. at 252; In re Porsche, 2019 WL 5806913 at *4. Here, all of the discretionary factors weigh in favor of granting the requested relief.

First, the Witness is not a party to and is not expected to become a party to the Canadian Proceeding and is otherwise believed to be outside the jurisdiction of the Canadian Court. Ex. 1 ¶ 19. Accordingly, this factor weighs in favor of granting the Application. See Intel, 542 U.S. at 264 ("[T]he need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."); In re Chevron, 762 F.Supp.2d at 249. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable

absent § 1782(a) aid." In re Porsche, 2019 WL 5806913 at *6 (quoting Intel, 542 U.S. at 264). This factor weighs heavily in favor of allowing the testimonial evidence sought because the Witness resides outside the jurisdiction of the Canadian Court. Ex. 1 ¶¶ 7, 19; In re Porsche, 2019 WL 5806913 at *6 ("[T]he critical question is whether the information targeted is within the foreign tribunal's jurisdictional reach.") (citing Chevron, 754 F. Supp.2d at 261 (first Intel factor weighed "heavily" in favor of granting application where the respondent resided outside foreign courts' jurisdiction and foreign courts therefore could not order the information petitioner sought in his Section 1782 action)).

Second, in light of the permissions granted and requests made by the Canadian Court through the Letter of Request, the Canadian Court overseeing the Canadian Proceeding is receptive to the testimonial evidence sought through the instant Application. Ex. 1 ¶¶ 4-6, 20. This factor also weighs in favor of granting the requested relief.

Third, given the issuance of the Letter of Request, the evidence sought through the instant Application does not otherwise circumvent any proof-gathering restrictions in Canada. Ex. 1 ¶ 20. Therefore, this factor weighs in favor of granting the Application.

Finally, this Application is not unduly intrusive or burdensome, and thus, the final factor also weighs in favor of granting the requested relief. The proposed testimony sought from the the Witness, as provided in the Letter of Request, is limited to his employment with TD Bank as it relates to Stanford and SIB, including his investigation and due diligence reviews of SIB's business operations, as well as TD Bank's correspondent banking relationship with SIB. Ex. 1 ¶¶ 16, 22. Furthermore, the requested testimony will be limited to the Witness's knowledge of events occuring from approximately 2002 to 2009. Id. ¶ 22. Applicants will cooperate with the Witness to schedule his testimony with the minimal amount of intrusion and inconvenience to him and will make all arrangements for the

testimony to be transmitted to the Canadian Court. Id. It is anticipated that the Witness's testimony will be required on or about February 1, 2021 at 10:00am EST, or on a later date and time to be coordinated and confirmed by Applicants with at least 48 hours advance notice to the Witness.[9] Id. Applicants will provide the Witness with whatever technological assistance is needed to facilitate the videoconferencing to be conducted by Zoom link, which link will be provided by the Canadian Court or a third party service provider approved by the Canadian Court. Id. At the expense of and arrangement by the Applicants, Mr. Raffa can also appear at a court reporter's office nearest to his respective location to faciliate the videoconferenceing technology for his testimony. Id. Alternatively, to the extent Mr. Raffa prefers to testify from his own home or office or other preferred location, provided he has access to the internet and a computer with video capabilities, he can do so, and, to the extent he requires any assistance from a technological standpoint, Applicants can make arrangements to provide such assistance. Id. Mr. Raffa can be sworn in by the Canadian Court clerk over the videoconference link provided by the Canadian Court. Id.

As such, each discretionary factor identified by the Intel Court weighs in favor of granting the Application.

WHEREFORE, Applicants respectfully request that this Court enter an Order, in the proposed, or substantially similar, form attached hereto as **Exhibit 3**:

   (a)   exercising its discretion pursuant to 28 U.S.C. § 1782 and granting this *Ex Parte* Application for Judicial Assistance;

   (b)   granting comity to the Letter of Request and implementing the requests of the Canadian Court therein;

---

[9] It is anticipated that the Witness's testimony will be required at some time in the trial period between January 18, 2021 to January 22, 2021 or during the period between February 1, 2021 to February 12, 2021. However, in an effort to provide more certainty to the Court and the Witness, it is most likely that this Witness's testimony will be needed on or about February 1, 2021. Applicants will coordinate and confirm the exact date, time, and location of the Witness's testimony closer to February 1, 2021.

13

(c) granting Applicants leave to examine the Witness pursuant to the Letter of Request, including, but not limited to, leave to serve the subpoena, in substantially the same form as the sample subpoena attached as **Exhibit 2** to this Application;

(d) reserving jurisdiction to grant Applicants leave to serve follow-up subpoenas on any other person or entity located in this District as may be necessary to obtain the evidence described in the Application and the Letter of Request; and

(e) granting any other relief this Court deems just and proper.

Dated:  December 22, 2020

By:  /s/ *Emily J. Nash*
Anthony D. Mirenda (BBO# 550587)
Emily J. Nash (BBO# 696460)
ADM@foleyhoag.com
enash@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
617-832-1000

Edward H. Davis, Jr. (Fla. Bar No. 704539)
(*pro hac vice application to be submitted*)
Carolina Z. Goncalves (Fla. Bar No. 124570)
(*pro hac vice application to be submitted*)
SEQUOR LAW P.A.
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile:  (305) 372-8202
edavis@sequorlaw.com
cgoncalves@sequorlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be sent via e-mail to the participants on the list below on December 22, 2020.

<u>Canadian Counsel for TD Bank</u>
Geoff R. Hall
Junior Sirivar
MCCARTHY TÉTRAULT LLP
Barristers and Solicitors
TD Bank Tower
66 Wellington Street West
Suite 5300
Toronto ON  M5K 1E6
Telephone:       (416) 362-1812
Facsimile:        (416) 868-0673
GHALL@MCCARTHY.CA
JSIRIVAR@MCCARTHY.CA

By:  /s/  *Emily J. Nash*
         Emily J. Nash